THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* RONALD CRAWFORD, Defendant-Appellant.—THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* LINK MILLER, Defendant-Appellant.

First District (2nd Division)   Nos. 79-1827, 79-2161 cons.

Opinion filed November 18, 1980.

Ralph Ruebner and Nancy Abrahams, both of State Appellate Defender's Office, of Chicago, for appellant Ronald Crawford.

James J. Doherty, Public Defender, of Chicago (John Lanahan, Assistant Public Defender, of counsel), for appellant Link Miller.

Bernard Carey, State's Attorney, of Chicago (Marcia B. Orr, Richard Burke, Barry A. Gross, Kathleen Warnick, and Kevin W. Horan, Assistant State's Attorneys, of counsel), for the People.

PER CURIAM (Perlin, P. J., Stamos, J., Downing, J., and Hartman, J.):

On our own motion we have consolidated these cases because they present a common issue concerning whether a conviction for armed violence is appropriate when the crime which forms the basis for such offense is punishable to the same extent as armed violence. In cause No. 79-1827, the defendant Ronald Crawford was convicted of armed robbery and armed violence after a bench trial. (Ill. Rev. Stat. 1977, ch. 38, pars. 18—2(a) and 33A—2.) He was sentenced to concurrent terms of 8 years each. In cause No. 79-2161, the defendant Link Miller was convicted of rape, armed robbery and armed violence after a bench trial. (Ill. Rev. Stat. 1977, ch. 38, pars. 11—1, 18—2(a) and 33A—2.) He was sentenced to concurrent terms of 15 years. In each of the cases, the respective defendants contend that the armed violence conviction was inappropriate since that offense arose from the same physical acts constituting the other convictions for which they were also sentenced.[1]

## I

Armed violence occurs when a person commits any felony defined by Illinois law while armed with a dangerous weapon. (Ill. Rev. Stat. 1979, ch. 38, par. 33A—2.) That offense is a Class X felony when the weapon used is a gun. (Ill. Rev. Stat. 1979, ch. 38, pars. 33A—1(b) and 33A—3(a).) Crawford's armed violence conviction was based on his conviction of armed robbery in which he used a handgun; Miller's armed violence conviction was based on his rape of the victim while using a handgun. However, both the armed robbery and the rape convictions are also classified as Class X felonies. (Ill. Rev. Stat. 1979, ch. 38, pars. 11—1(a) and 18—2(b).) Thus the penalties for armed robbery, rape and armed violence when a gun is used are the same.

Instructive as to the defendants' common contention in these consolidated cases is the recent decision by the Fifth Division of this court in the case of *People v. Jones* (1980), 89 Ill. App. 3d 1030, 412 N.E.2d 683. In *Jones* the defendant was convicted, *inter alia*, of armed robbery and

---

[1] In cause No. 79-1827, the State argues that this issue was not raised in the trial court or in defendant's motion for a new trial, and it is therefore waived for purposes of appeal. However, since the claim might give rise to a constitutional issue which could be raised in collateral proceedings, we shall address the argument. See *People v. Cox* (1972), 53 Ill. 2d 101, 291 N.E.2d 1.

armed violence since the latter was predicated on the armed robbery conviction. This court directed that the defendant's conviction in *Jones* for armed violence be vacated. The rationale of that decision was necessitated by the Illinois Supreme Court's decision in *People v. King* (1977), 66 Ill. 2d 551, 368 N.E.2d 838, wherein it was held that it is proper to enter judgment only on the most serious of the offenses when several offenses arise from the same act. The court concluded that it was therefore necessary to determine which of the offenses was the more serious. The court found that the more serious offense was armed robbery. It noted that armed violence could occur if that offense was committed with a weapon which is classified as less serious in nature than a gun, thereby resulting in a lesser penalty (Ill. Rev. Stat. 1979, ch. 38, pars. 33A—1(c) and 33A—3(b)), while armed robbery occurs when any dangerous weapon is used. Further, the court relied upon the rule of statutory construction which requires that, when a statute generally encompasses the subject matter and the same subject matter is contained in a more specific statute, the specific governs over the general statute. Thus the court in *Jones* concluded that to allow the armed violence conviction, which had the same penalty as armed robbery under the circumstances, to stand would permit an improper "pyramiding," thereby enhancing the defendant's culpability beyond that which was appropriate.[2]

■■■ The holding in *Jones* is controlling in *Crawford* since both involve armed robberies. Similarly, *Jones'* rationale applies to *Miller* since a weapon of a less serious nature than a gun under the armed violence statute may be used in the commission of a rape, thereby rendering an armed violence conviction based thereon a less serious offense than rape. Consequently, the convictions for armed violence must be set aside in both instances.

## II

The defendant Miller in cause No. 79-2161 advances further arguments regarding the sufficiency of his identification as the assailant and the effect of his alibi defense. A review of the evidence presented at that defendant's bench trial shows that the complaining witness got out of her car about 2:30 a.m. and was walking to her apartment when defendant crossed the street toward her and then passed. However, as she was about to enter her building where a bright light was shining in the vestibule, she was grabbed from behind by the defendant. During the struggle which

---

[2] We note that the issue of the constitutionality of the armed violence statute is currently pending before the Illinois Supreme Court. *People v. Haron*, No. 53472.

ensued she looked directly at him. A gun which she carried and other items of property were taken by the defendant, and she was dragged through the locale into a gangway which was lighted "somewhat" by a basement light. There she was struck on the head with the gun by the defendant and subsequently raped. Defendant then fled, but she again saw the defendant as she was about to seek assistance. The entire incident lasted about 30 minutes. She thereafter identified the defendant from a series of photographs shown to her by police.

The defendant presented the alibi testimony of his mother and girlfriend to the effect that he was with them during the attack. Defendant also denied commission of the offenses.

■■ The test of a positive identification is whether the witness is close enough to the accused for a sufficient length of time under conditions adequate for observation; and where this test is met, the credible testimony of one witness is sufficient to support a finding of guilt. (*People v. Thomas* (1979), 72 Ill. App. 3d 186, 389 N.E.2d 1330.) It is not required that the validity of the identification be based upon perfect conditions for observation or that the time for observation be of a prolonged nature. (*People v. Reed* (1980), 80 Ill. App. 3d 771, 400 N.E.2d 688.) We believe that the record demonstrates that the complainant had ample time and opportunity under adequate conditions to permit her to identify her assailant.

■■ The defendant urges, however, that his actual height of 5 feet 2 inches and weight of 110 pounds, as recorded in the police report at the time of his arrest, varies greatly with the complainant's description of her assailant, and that the acts ascribed to the assailant would more likely have been accomplished by a person of the height and weight indicated by the complainant. It has been held that these discrepancies affect only the credibility of the witnesses and the weight to be given their testimony. (*People v. Nichols* (1975), 32 Ill. App. 3d 265, 336 N.E.2d 194.) In a bench trial the determination of the credibility of the witnesses and the weight to be given their testimony are matters for the trier of fact and will not be disturbed unless palpably erroneous. (*People v. Arndt* (1972), 50 Ill. 2d 390, 280 N.E.2d 230.) When, as here, the discrepancies are considered with the remaining evidence, including positive and unwavering identifications of defendant on four separate occasions by the complainant, we do not believe that the court's decision is contrary to the weight of the evidence, nor so unsatisfactory, improbable or unbelievable as to raise serious questions of defendant's guilt. See discussion in *People v. Mendoza* (1978), 62 Ill. App. 3d 609, 378 N.E.2d 1318.

■■ Defendant also asserts that the alibi testimony presented in the case placed him away from the scene of the crime and contradicts that given by the complainant. While the court may not disregard unimpeached

alibi testimony (*People v. Bristow* (1980), 80 Ill. App. 3d 535, 400 N.E.2d 511), it must also consider the bias or interest, if any, of the witnesses (*People v. Reed*) and is not under any obligation to believe the alibi testimony over the positive identification of the accused even though given by a greater number of witnesses (*People v. Whitley* (1977), 49 Ill. App. 3d 493, 364 N.E.2d 511.) After reviewing the testimony of all the witnesses, we have concluded that the trial court's determination that defendant was the assailant in this case was not erroneous.

Accordingly, in *Crawford* (cause No. 79-1827) we affirm the judgment for armed violence. In *Miller* (cause No. 79-2161) we affirm the judgments for rape and armed robbery but vacate the judgment for armed violence.

Cause No. 79-1827, affirmed in part, vacated in part.

Cause No. 79-2161, affirmed in part, vacated in part.