Rudolph L. LUCIEN, Plaintiff,

v.

Glenn K. SEIDENFELD, William R. Nash, Phillip G. Reinhard, Lloyd A. Van Deusen, and G. Joseph Weller, Defendants.

No. 83 C 7446.

United States District Court, N.D. Illinois, E.D.

May 21, 1984.

Rudolph L. Lucien, pro se.

John A. Ward, Asst. Atty. Gen., Chicago, Ill., for defendants.

## MEMORANDUM OPINION AND ORDER

ASPEN, District Judge.

Plaintiff Rudolph Lucien, a prisoner at Pontiac Correctional Center, brings this *pro se* action pursuant to 42 U.S.C. § 1983 seeking declaratory and injunctive relief. The defendants are four justices of the Appellate Court of Illinois, Second District, and a deputy defender of the Office of the State Appellate Defender, Second Judicial District. Before the Court are defendants' motion to dismiss the complaint and plaintiff's motions for summary judgment and for preliminary injunction. For the reasons set forth below, defendants' motion to dismiss is granted.

### Factual Background

A brief review of the events leading up to this action is necessary. On June 17, 1980, plaintiff was convicted of several felony offenses in the Circuit Court of DuPage County, Illinois, and later was sentenced to concurrent terms of imprisonment. The Appellate Court of Illinois, Sec-

ond District, per defendants-justices William R. Nash, Phillip G. Reinhard, and Lloyd A. Van Deusen reversed and vacated a number of plaintiff's convictions and affirmed his convictions for armed robbery and three counts of armed violence. *People v. Lucien*, 109 Ill.App.3d 412, 65 Ill. Dec. 44, 440 N.E.2d 899 (2d Dist.1982).

During the pendency of his direct appeal, plaintiff filed a petition for post-conviction relief pursuant to Ill.Rev.Stat. ch. 38, §§ 122 *et seq.* (1979), a petition for writ of habeas corpus pursuant to Ill.Rev.Stat. ch. 65, §§ 1 *et seq.* (1979), and a Section 72 petition pursuant to Ill.Rev.Stat. ch. 110, § 72 (1979). These petitions were denied by the circuit court, the last denial being issued on January 28, 1982. Plaintiff appealed these denials in a timely fashion. Plaintiff's appeals remain pending before the Illinois Appellate Court, Second District, and no decisions on the merits of his appeals have been issued to this date.

### Count I

In Count I of the complaint in the case at bar, plaintiff alleges that the opinion on direct appeal rendered by defendants Nash, Reinhard, and Van Deusen is "replete with fabricated distortions and outright lies relative to trial testimony." Plaintiff claims that these defendants thereby deprived plaintiff of his fourteenth amendment right to due process of law. We have considered Count I and do not find it adequate to state a claim under § 1983 even under the liberal construction rule of *Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

Plaintiff contends that he has "a liberty interest relative to his involuntary commitment and incarceration in prison, and in removing the stigma of his alleged unconstitutional convictions." Plaintiff's Memorandum of Law in Support of Motion for Summary Judgment (regarding Count I), at 6. Thus, plaintiff argues that, as a result of the alleged inaccuracies of the appellate court opinion, he has been deprived of a liberty interest without due process.

We reject plaintiff's argument. The issue of the validity of plaintiff's conviction and confinement is not before us in this

case.[1] Furthermore, 42 U.S.C. § 1983 is a tort statute which requires injury in order to maintain a cause of action. *Bart v. Telford,* 677 F.2d 622, 625 (7th Cir.1982). In the instant case, we cannot infer any injury of constitutional magnitude from the alleged stigma to plaintiff's reputation. Reputation alone is neither liberty nor property guaranteed against state deprivation without due process of law. Hence, defamation by state actors, standing alone, is not actionable under § 1983. *Paul v. Davis,* 424 U.S. 693, 96 S.Ct. 1155, 47 L.Ed.2d 405 (1976); *Brainerd v. Potratz,* 421 F.Supp. 836, 840 (N.D.Ill.1976).

Accordingly, Count I of plaintiff's complaint is dismissed.

*Count II*

According to the allegations of Count II of the complaint, defendants Glenn K. Seidenfeld, Presiding Justice, Illinois Appellate Court, Second District, and G. Joseph Weller, Deputy Defender, Office of the State Appellate Defender, Second Judicial District, have conspired to delay and impede plaintiff's appeals from the denials of his three post-conviction petitions. Plaintiff contends that defendants' alleged conduct has violated his rights to due process and equal protection and requests this Court to issue an injunction against further delay of his appeals.

■ At the request of this Court, the parties have submitted briefs which address the propriety of federal intervention in plaintiff's state court proceedings. In the absence of extraordinary circumstances, the principles of comity, federalism, and equitable restraint preclude a federal court from interfering with pending state criminal proceedings. *Younger v. Harris,* 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971). Plaintiff recently petitioned the Illinois Supreme Court for a writ of mandamus based on the same issues as presented in the instant case. The court denied relief. *Lucien v. Seidenfeld,* No. 7259 (Ill.Sup.Ct.

Mar. 29, 1984). Thus, because it appears plaintiff has no adequate state remedies, it may be argued that the *Younger* doctrine does not bar federal intervention in this case. Other grounds, however, exist for dismissing plaintiff's complaint at this time.

On June 24, 1983, Judge Harold A. Baker of the U.S. District Court, Central District of Illinois, found that while the delay of the state appellate court in adjudicating plaintiff's appeals from the denials of his post-conviction petitions was inordinate, it was not unjustified. Consequently, Judge Baker dismissed plaintiff's habeas corpus petitions without prejudice for failure to exhaust state remedies. *United States ex rel. Lucien v. McGinnis,* Nos. 83 C 2026 and 83 C 2048, slip op. at 2 (C.D.Ill. June 24, 1983), *appeal filed,* No. 83–2282 (7th Cir. July 13, 1983).

■ The Seventh Circuit has recently held that issues decided in a habeas corpus proceeding cannot be relitigated in a subsequent civil rights case. *Warren v. McCall,* 709 F.2d 1183 (7th Cir.1983). Applying this principle to the instant case, we find that the Seventh Circuit's disposition of plaintiff's appeal from Judge Baker's dismissal of his habeas corpus petitions is crucial to plaintiff's ability to proceed with the present § 1983 action against Seidenfeld and Weller. Furthermore, it appears that decisions in plaintiff's state court appeals may be soon forthcoming.[2] Accordingly, we dismiss Count II without prejudice at this time. Plaintiff may seek leave to refile Count II in six months if, in the interim, the Illinois Appellate Court does not render the decisions plaintiff seeks here.

*Conclusion*

For the reasons set forth herein, the Court grants defendants' motion to dismiss as follows: Count I is dismissed with prejudice; Count II is dismissed without prejudice. In light of the dismissal, the Court denies as moot plaintiff's motions for sum-

---

1. Nonetheless, we have not discerned any irregularities in the Illinois Appellate Court opinion.

2. On February 8, 1984, the Supreme Court of Illinois, at the request of defendant Seidenfeld,

issued an order temporarily assigning certain Third District Appellate Court judges to the Second District Appellate Court for disposition of plaintiff's appeals.

mary judgment, motion for preliminary injunction, motion for reconsideration of order denying motion for appointment of counsel, and motion to reconsider order dated February 23, 1984. It is so ordered.