THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. RUDOLPH L. LUCIEN, Defendant-Appellant.

Second District   No. 2—84—0030

Opinion filed November 9, 1984.

Stephen J. Culliton, of Bloomingdale, for appellant.

J. Michael Fitzsimmons, State's Attorney, of Wheaton (Phyllis J. Perko, State's Attorneys Appellate Service Commission, of counsel), for the People.

JUSTICE HEIPLE delivered the opinion of the court:

The defendant, Rudolph Lucien, was convicted of rape, armed robbery, intimidation, aggravated kidnaping and various forms of armed violence at a bench trial in Du Page County. Counts XV and XVI charged the defendant with armed violence predicated on intimidation. However, the court did not impose sentence on these counts. On appeal, the Second District Appellate Court reversed most of the convictions as either duplicative or illegal double enhancement. However, the court elected to treat counts XV and XVI as unsentenced and unappealed convictions. Thus, the case was remanded for sentencing on these counts. (*People v. Lucien* (1982), 109 Ill. App. 3d 412, 440 N.E.2d 899.) On remand, the trial court imposed sentence on these two counts over defendant's objection.

Defendant's principal contention is that the enhancement of intimidation to a Class X felony under the armed-violence statute (Ill. Rev. Stat. 1979, ch. 38, par. 33A–2) constitutes a sentence which is unconstitutionally disproportionate to the offense charged. (Ill. Const. 1970, art. I, secs. 2, 11.) The recent case of *People v. Wisslead* (1983), 94 Ill. 2d 190, 446 N.E. 512, provides the basis for this challenge. *Wisslead* holds that if a less serious offense is enhanced to a greater offense than the enhancement of a more serious offense from the same category of offenses, then the penalty imposed for the enhancement of the less serious offense is unconstitutionally disproportionate to the offense charged. Specifically, the court held that armed violence predicated on unlawful restraint, the lesser included offense of kidnaping, could not be a Class X felony where aggravated kidnaping is only a Class 1 felony. The defendant in the instant case argues that among the offenses contained in article 12 of the Criminal Code of 1961 (Ill. Rev. Stat. 1983, ch. 38, par. 12), intimidation is less serious than either assault or battery. However, the latter offenses can only be enhanced to aggravated assault and aggravated battery. (*People v. Haron* (1981), 85 Ill. 2d 261, 442 N.E.2d 627.) Therefore, he argues, enhancement of intimidation to a Class X felony runs afoul of the Illinois Constitution as interpreted by *Wisslead*.

■■ ■ Before addressing the merits of the defendant's argument, we must first discuss the People's contention that the Second District's opinion bars consideration of the constitutional challenge. The People argue that the opinion is *res judicata* to all issues that were or could have been raised in the original appeal. It is also claimed that a challenge to the constitutionality of these charges goes beyond the mandate issued by the Second District. We disagree for several reasons. At the time of the first appeal, the convictions on counts XV

and XVI stood as unsentenced. It is the general rule that a conviction without a sentence is not appealable. (*People v. Dixon* (1982), 91 Ill. 2d 346, 352, 438 N.E.2d 180, 183.) While cases such as *People v. Lilly* (1974), 56 Ill. 2d 493, 409 N.E.2d 1, stand for the proposition that defendant's constitutional challenge could have been heard by the Second District, thus triggering the *res judicata* defense, we believe that the questions raised by defendant are properly before this court. The strict doctrine of *res judicata* may be relaxed where fundamental fairness so requires. (*People v. Somerville* (1969), 42 Ill. 2d 1, 245 N.E.2d 461.) Here, the principal case relied upon by defendant had not been decided at the time of the original trial and subsequent appeal. Moreover, an issue of constitutional dimension is involved. Supreme Court Rule 615(a) provides that "defects affecting substantial rights may be noticed although they were not brought to the attention of the trial court." (87 Ill. 2d R. 615.) As to the mandate issued by the Second District, the constitutional ramifications of sentencing on these counts were not considered. In fact, a new sentencing hearing was ordered upon rehearing. (*People v. Lucien* (1982), 109 Ill. App. 3d 412, 422, 440 N.E.2d 899, 907.) While this does not necessarily mean that authority to hear constitutional challenges was granted, it does lead to the conclusion that this possibility was not foreclosed by the limited mandate. Accordingly, we turn to the merits of the defendant's argument.

Defendant premises his theory on a comparison of the elements of the offenses contained in article 12 of the Criminal Code of 1961 (Ill. Rev. Stat. 1983, ch. 38, par. 12). Battery, the defendant claims, is clearly a more serious offense than intimidation, since it involves actual physical harm to the victim rather than merely a threat of harm. Assault is considered by the defendant to be a more serious crime than intimidation, based on an analysis of the respective elements of the offenses. Taking the case of a verbal threat, a charge of assault can only be sustained if the accompanying circumstances place the victim in reasonable apprehension of receiving a battery. (Ill. Rev. Stat. 1981, ch. 38, par. 12—1.) Intimidation, however, can be performed merely by communicating a threat to another of a specified kind with the intent to force the victim to perform or omit to perform any act. (Ill. Rev. Stat. 1981, ch. 38, par. 12—6.) Since the victim need not apprehend immediate harm, the defendant contends, the offense of intimidation should be considered less serious than assault. Defendant bolsters this argument by reference to the list of unlawful threats in the intimidation statute. Taking the example of a threat to inflict harm to property, the defendant points out that an unlawful threat by

telephone to break a pencil if the victim does not turn off his television could constitute intimidation. Thus, it is argued, it is obvious that assault is a more serious crime than intimidation.

The short answer to the above example is that no such case is presented to this court. Were we presented with this situation in an actual case, we would be compelled to determine that an enhancement by armed violence would be unconstitutional. But that is not at issue here. The indictment charged the defendant with threatening to inflict physical harm on the victim by use of a deadly weapon with the intent to compel performance and omission of certain acts. It is against these facts that we compare the relative seriousness of the offenses.

■ It is evident from a comparison of the elements of assault, battery and intimidation that each statute protects individuals from interference with different interests. Battery serves to protect the bodily integrity of the individual. Assault is designed to protect the bodily interest, as well as the right of the individual to be free from immediate fear of such intrusions. Intimidation safeguards the individual's right to be free from undue coercive forces and the fear that is engendered thereby, regardless of the form of this coercion. We believe that a rational legislature could conclude that a threat of physical harm communicated with the intent to overcome the will of another is a more serious offense than an assault or battery. Given this deference to legislative judgment, we hold that the intimidation statute as enhanced in this case by the armed-violence statute is constitutional. *People v. Dixon* (1948), 400 Ill. 449, 81 N.E.2d 257.

Defendant also challenges the constitutionality of the intimidation statute under the first amendment. (U.S. Const., amend. I.) Reliance is placed on a recent case holding a similar Montana statute unconstitutional. (*Wurtz v. Risley* (9th Cir. 1983), 719 F.2d 1438.) However, the Illinois Supreme Court has already upheld the constitutionality of the intimidation statute in *People v. Holder* (1983), 96 Ill. 2d 444, 451 N.E.2d 831. Up and until the *Holder* holding is modified by the court, we are bound to follow it.

For these and the foregoing reasons, we affirm the sentences as imposed by the circuit court of Du Page County.

Affirmed.

BARRY and SCOTT, JJ., concur.