46 F.3d 1133
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Rudolph L. LUCIEN, Petitioner-Appellant,
v.
George WELBORN, Respondent-Appellee.
 No. 93-2823.
 United States Court of Appeals, Seventh Circuit.
 Submitted: Jan. 5, 1995.*
Decided: Jan. 24, 1995.
Rehearing Denied March 6, 1995.
 
 Before BAUER, RIPPLE and ROVNER, Circuit Judges.
 
 ORDER
 
 1
 Petitioner Rudolph Lucien, an Illinois state prisoner, appeals the district court's denial of his petition for a writ of habeas corpus under 28 U.S.C. Sec. 2254 based on his allegations of ineffective assistance of counsel. He claims that his trial attorney did not adequately investigate his case and, therefore, failed to ascertain before trial that the trial judge had previously reviewed Lucien's "rap sheet." Without the benefit of this information, Lucien argues, his jury waiver was unknowing and unintelligent. Lucien also argues that appellate counsel rendered ineffective assistance when he failed to file a petition for rehearing or a petition for leave to appeal to the state supreme court. We find no merit in these arguments, and therefore, affirm the district court's denial of Lucien's petition.
 
 BACKGROUND
 
 2
 In 1980, Lucien was convicted at a bench trial in DuPage County, Illinois, of armed violence and armed robbery, and was sentenced to concurrent terms of imprisonment of thirty and sixty years. Lucien appealed his conviction to the Illinois Appellate Court, which affirmed in relevant part.[1] People v. Lucien, 109 Ill. App. 3d 412, 440 N.E.2d 899 (2d Dist. 1982), cert. denied, 459 U.S. 1219 (1983). That opinion[2] summarized the evidence presented at trial against Lucien as follows.
 
 
 3
 The victim testified that in December 1979, Lucien first visited her at her apartment, claiming that he lived nearby, was moving, and wanted to sell certain items. She went to his apartment, bought a plant, and returned home. Later that afternoon, Lucien returned to her apartment and told her she could have his unsold plants. She again went to his apartment, taking her purse containing her wallet and checkbook. After she entered the apartment, Lucien grabbed her and threw her to the floor. He removed her clothing and tied her hands and feet with neckties. Wielding a knife, he then beat her, told her to cooperate or be killed, and had sexual intercourse with her. The victim also testified that Lucien forced her at knifepoint to sign a check made out for $3000. After Lucien left the apartment, the victim jumped off the second floor balcony to the ground below and ran naked across a parking lot to the apartment of another tenant. Sobbing, she told the tenant that she had been raped. Id. at 414-15, 440 N.E.2d at 901-02.
 
 
 4
 A medical examination of the victim revealed a cut above her nose, black eyes, misplaced teeth, facial nerve damage, and extensive body bruises and abrasions. After the victim identified Lucien in a photographic lineup at the hospital, the police searched his apartment and recovered the victim's clothing, identification papers, a torn check which had been in the victim's purse, bloody bed linen, and knotted neckties. Id. at 415, 440 N.E.2d at 902.
 
 
 5
 Lucien testified at trial that the victim consented to have sexual intercourse with him. He also asserted that the victim's injuries were caused when she tripped over an electric cord and fell face first on a nightstand. Id. at 415, 440 N.E.2d at 902.
 
 
 6
 After exhausting his state court remedies, Lucien filed a pro se petition in the district court for habeas corpus relief under 28 U.S.C. Sec. 2254. In this petition, he raised two separate allegations of ineffective assistance of counsel. First, Lucien asserted that he was denied effective assistance when his retained pretrial counsel, Earl Washington, allowed the trial court to review his "rap sheet," but failed to communicate this fact to Lucien's court-appointed trial counsel, Patrick Coolahan. Lucien claimed that Washington's failure to disclose that the judge had reviewed his "rap sheet" led Lucien to agree to a jury waiver that was not knowing or intelligent. Second, he argued that his appellate counsel, Kyle Wesendorf, gave ineffective assistance on direct appeal in failing to file a petition for rehearing or a petition for leave to appeal in order to point out errors in the appellate court's 1982 opinion.
 
 
 7
 Without conducting an evidentiary hearing, the district court denied Lucien's habeas corpus petition and declined Lucien's request for a certificate of probable cause to appeal. Lucien then filed an application for a certificate of probable cause with this court, and we granted his request.
 
 DISCUSSION
 
 8
 Federal courts are authorized to grant a writ of habeas corpus when a person is held in custody under a state court judgment in violation of the United States Constitution. 28 U.S.C. Sec. 2254. We subject the district court's conclusions of law as well as mixed findings of law and fact to de novo review. Griffin v. Camp, No. 93-3798, slip op. at 4, (7th Cir. Nov. 14, 1994).
 
 
 9
 In order to demonstrate ineffective assistance of counsel, Lucien must show both that his counsel's performance was deficient and that he was prejudiced as a result. Strickland v. Washington, 466 U.S. 668, 687 (1984). The first prong of this standard asks whether counsel's performance was "deficient" under an objective standard of reasonableness. Id. at 688. The second prong examines whether counsel's deficient performance prejudiced the petitioner's defense to the extent "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694; Lockhart v. Fretwell, 113 S. Ct. 838, 844 (1993).
 
 I. Failure to Investigate Case
 
 10
 Lucien's first ineffective assistance claim is based on appointed trial counsel's failure to ascertain that the trial judge had reviewed his "rap sheet." According to Lucien, attorney Washington permitted the trial judge to review his "rap sheet" which had been introduced by the Assistant State's Attorney at a bond hearing in April 1980.[3] (Appellant's Br. at 9.) Lucien claims that he did not know that the trial judge had reviewed his "rap sheet." Id. Subsequently, Washington was granted leave to withdraw as defense counsel, and the court appointed public defender Patrick Coolahan to replace Washington. In June 1980, on the date that the jury trial was scheduled to begin, Lucien waived his right to a trial by jury.[4] Lucien argues that because Coolahan had not adequately investigated the background of this case, counsel lacked information with which to advise Lucien about the appropriateness of a jury waiver. Consequently, Lucien contends, counsel's inadequate investigation prevented Lucien from possessing relevant information that he needed in order to make an intelligent waiver of his right to a jury trial. (Appellant's Br. at 12.)
 
 
 11
 However, there is no indication from the record that counsel's advice or Lucien's decision to waive a jury trial would have been affected by such information. In a bench trial, we presume that the trial judge will consider only relevant and admissible evidence in reaching his or her findings. United States v. Miller, 800 F.2d 129 (7th Cir. 1986); United States ex rel. Placek v. Illinois, 546 F.2d 1298, 1304 (7th Cir. 1976); see also, Schultz v. Butcher, 24 F.3d 626, 632 (4th Cir. 1994) (noting that a judge at a bench trial is able to discern, weigh, and exclude improper inferences from his mind in making a decision).
 
 
 12
 "'Courts indulge every reasonable presumption against waiver' of fundamental rights...." United States ex rel. Wadnick v. Chrans, 869 F.2d 1084, 1087 (7th Cir. 1989) (citations omitted). When waiving a constitutional right such as the right to trial by jury, one must do so voluntarily, knowingly, and intelligently with an awareness of the relevant circumstances and probable consequences. Id. (citing Brady v. United States, 397 U.S. 742, 748 (1970)). However, the burden is upon Lucien to demonstrate that his waiver was prima facie invalid. Milone v. Camp, 22 F.3d 693, 704 (7th Cir. 1994), petition for cert. filed, 63 U.S.L.W. 3067 (U.S. July 20, 1994) (No. 94-138). He has not met this burden. He admits that he waived a jury trial. He acknowledges that he signed a written jury waiver form, (Appellant's Br. at 10), and that the judge asked questions of him before accepting his waiver.[5] (Statement of Facts in Support of Motion for Summary Judgment, Ex. A to R. 16, at 8.) Given what is and is not in the record, we can only conclude that Lucien's waiver of a jury trial was voluntary and intelligent. The fact that trial counsel did not specifically inform Lucien that the trial judge had reviewed his "rap sheet" does not render Lucien's waiver involuntary or unintelligent; Lucien understood his right to a jury trial and he agreed to waive it.
 
 
 13
 Thus, Lucien has failed to show that counsel's alleged failure to investigate the case prejudiced his decision to waive his right to a jury trial.
 
 
 14
 II. Failure to Bring Discretionary State Appeal
 
 
 15
 Lucien next argues that he received ineffective assistance of counsel when his attorney on direct appeal failed to petition for rehearing and to petition for leave to appeal to the Illinois Supreme Court to correct errors in the appellate court's 1982 decision. As a result, Lucien contends, he was denied an opportunity to file a first appeal as of right. (Appellant's Br. at 14.)
 
 
 16
 Although a criminal defendant is guaranteed the right to counsel on a first appeal as of right, a defendant has no constitutional right to counsel to pursue discretionary state appeals. United States ex. rel. Simmons v. Gramley, 915 F.2d 1128, 1136-37 (7th Cir. 1990) (citing Ross v. Moffitt, 417 U.S. 600, 610 (1974)). Petitions for rehearing and leave to appeal are discretionary appeals, not appeals as of right. Ill. Sup. Ct. R. 367 (governing rehearings in reviewing court); People v. Carmen, 291 Ill. App. 399, 9 N.E.2d 981 (1st Dist.) (right to rehearing in criminal prosecution is "not statutory, but is based upon the desire of the court to correct inadvertent errors"), aff'd, 367 Ill. 326, 11 N.E.2d 397 (1937); Ill. Sup. Ct. R. 315(a) ("Whether [a petition for leave to appeal to the Supreme Court] will be granted is a matter of sound judicial discretion."). Because Lucien has no constitutional right to counsel in filing such petitions, he could not be deprived of the effective assistance of appellate counsel on these grounds. Buelow v. Dickey, 847 F.2d 420, 426 (7th Cir. 1988) (citing Wainwright v. Torna, 455 U.S. 586, 587-88 (1982)), cert. denied, Buelow v. Bablitch, 489 U.S. 1032 (1989).
 
 CONCLUSION
 
 17
 For the foregoing reasons, the order of the district court denying Lucien's petition for a writ of habeas corpus is AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed. R. App. P. 34(a); Cir. R. 34(f). No such statement having been filed, the appeal is submitted on the briefs and the record
 
 
 [1]
 Lucien was originally convicted of rape, armed robbery, intimidation, aggravated kidnapping, and various forms of armed violence. On appeal, the Illinois Appellate Court affirmed the armed violence and armed robbery convictions, but vacated the remaining convictions as either duplicative or constituting illegal double enhancement. People v. Lucien, 109 Ill. App. 3d 412, 419, 440 N.E.2d 899, 904-05 (2d Dist. 1982), cert. denied, 459 U.S. 1219 (1983)
 
 
 [2]
 In a habeas corpus proceeding, findings of fact made by a state appellate court are afforded the same presumption of accuracy as findings made by the state trial court. 28 U.S.C. Sec. 2254(d); Milone v. Camp, 22 F.3d 693, 697 n.2 (7th Cir. 1994), petition for cert. filed, 63 U.S.L.W. 3067 (U.S. July 20, 1994) (No. 94-138). Although Lucien disputes the appellate court's characterization of certain facts in the trial testimony, (Appellant's Br. at 17-18), he has not provided us with the transcript of his trial or contested the correctness of the appellate court's findings under 28 U.S.C. Sec. 2254(d)
 
 
 [3]
 Although the record does not contain a transcript of the bond hearing, it does include a copy of the 16-page "rap sheet" detailing a litany of crimes committed by Lucien dating back to December 1963 and ranging from numerous instances of shoplifting and possession of marijuana to more serious offenses of rape, unlawful use of a weapon, attempted murder, murder, aggravated battery, and armed robbery. (Ex. B to Memorandum of Law in Support of Motion for Summary Judgment, R. 16.)
 
 
 [4]
 The sequence of events surrounding the jury waiver is unclear. Lucien has not included in the record a transcript of these proceedings or any affidavits detailing the circumstances of his decision to make a jury waiver
 
 
 [5]
 The appellate record, however, does not contain either a copy of the written jury waiver form or a transcript of the judge's communication with Lucien about the waiver