THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* RANDY VELLEFF, Defendant-Appellant.

Second District    No. 79-838

Opinion filed April 3, 1981.

Mary Robinson and Kyle Wesendorf, both of State Appellate Defender's Office, of Elgin, for appellant.

J. Michael Fitzsimmons, State's Attorney, of Wheaton (Phyllis J. Perko and Cynthia N. Schneider, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. PRESIDING JUSTICE SEIDENFELD delivered the opinion of the court:

Defendant was convicted after a jury trial of two counts of armed

robbery, two counts of armed violence, and one count of theft, based on the armed robbery of a restaurant in Lombard on September 2, 1978. He was sentenced on each of the armed robbery and armed violence counts to 20 years in prison, the sentences to run concurrently, but was not sentenced on the theft count. He appeals, contending that the court erred in denying his motion to suppress evidence claimed to have been illegally seized. He alternatively contends that the armed robbery charge is the lesser-included offense of the offense of armed violence, thus that the conviction for armed robbery should be vacated; and that it was error to convict him for two counts of armed robbery arising from the same act.

### The Motion to Suppress
It appears from the hearing on the motion to suppress evidence that Officers Martin and Kuan of the Chicago Police Department stopped the defendant at approximately 7:30 to 8 a.m. on September 2, 1978, for driving with a cracked windshield and only one license plate. One of the officers searched defendant when they made the initial stop and found he had no driver's license and that he had approximately $1,000 in bills on his person. A registration check revealed that the car was not registered to the defendant. Defendant was placed under arrest and told to follow the police to the station. Defendant did so, parked his car on the street by the station, and locked it. Defendant then accompanied the officers into the station. The passenger in defendant's car remained with defendant but was allowed to leave some time later.

Officer Martin then went back to the car and observed an open box with coins and wrappers inside the front of the car as well as a monitoring device. He returned to the station and was informed by Officer Kuan that there were outstanding warrants against the defendant on traffic violations. Officer Martin testified that he then asked defendant for his car keys so he could drive the car into the police parking lot and that defendant answered affirmatively and handed the officer his keys. Martin said he told defendant at this time that it would be necessary to inventory his property since the car would be towed. Martin then unlocked the car, removed the monitoring device and the coins and wrappers found on the seat and in the open glove compartment, and then opened the trunk. He saw an orange plastic bag which he opened. Inside he found a hand gun wrapped in a towel. At some subsequent time which is not clear from the record, the cash found on defendant's person and the coins were returned to him. But the gun, which was found to be stolen, was not returned.

■■ The record does not clearly disclose the motivation of the officers in conducting the search. The State does not argue that the officers had probable cause to believe the car contained fruits of the crimes for which

defendant was subsequently indicted. The State maintains that Officer Martin had probable cause to believe the car was stolen and thus properly took control of the car and conducted an inventory search. The difficulty with this argument is that Martin testified that he did not believe the car was stolen at the time he made the search. It is true that probable cause requires both an objective and subjective test. (See *United States v. Cortez* (1981), ___ U.S. ___, ___, 66 L. Ed. 2d 621, 629, 101 S. Ct. 690, 695.) However, we have found no case in which probable cause has been found for a search on objective facts where the officer testifies that he, in fact, did not believe that at the time of the search that a crime had been committed. In considering the issue of probable cause the cases have held the officer to be bound by what he testified was his motive in making the search or arrest. (*People v. Gabbard* (1979), 78 Ill. 2d 88, 93.) In *Gabbard*, the State sought to show that an officer had reasonable grounds to believe that the defendant was an escapee, a fact which had been referred to in a police report. The supreme court, however, rejected this argument on the basis of the fact that the officer had himself admitted that the defendant had not matched the description and did not testify that his stop of the defendant was motivated by a belief that the latter was an escapee. In *People v. Cox* (1971), 49 Ill. 2d 245, 249, the court, although it concluded that the deputy may have had probable cause to arrest the defendant, found a search was not incident to a lawful arrest where the deputy testified that they entered the defendant's house only for the purpose of making a search and that the defendant was arrested only because of the evidence found during the search. See also *In re Woods* (1974), 20 Ill. App. 3d 641, 646.

The State also seeks to uphold the search as an inventory search conducted according to routine procedures after defendant was arrested. ■■ Police intrusion into an automobile lawfully in their custody will be upheld if within the purpose of protecting police from potential danger, protecting the owner's property while he is in custody and protecting the police against subsequent claims by owners that their property has been stolen or lost. *South Dakota v. Opperman* (1976), 428 U.S. 364, 369, 49 L. Ed. 2d 1000, 1005, 96 S. Ct. 3092, 3097; *People v. Valdez* (1980), 81 Ill. App. 3d 25, 29.

■■ In this case we have difficulty in accepting the State's view that the police had a right to take custody of the defendant's car under the circumstances. No showing is made that defendant consented to the police taking custody or that his companion who was released could not have driven the vehicle. In fact the record does not show that defendant was kept in custody. The failure to exhaust less-intrusive alternatives before conducting an inventory search has been held to indicate an improper

investigatory motive resulting in an unreasonable search and seizure. *People v. Valdez* (1980), 81 Ill. App. 3d 25, 30; *People v. Fox* (1978), 62 Ill. App. 3d 854, 856.

The courts in other jurisdictions have also required the police to exhaust less intrusive alternatives, such as giving the defendant the opportunity to make arrangements to have the car removed, before conducting an inventory search. See *State v. Hardy* (La. 1980), 384 So. 2d 432, 434; *State v. Killcrease* (La. 1980), 379 So. 2d 737, 739; *State v. Bramlett* (1980), 94 N.M. 263, ___, 609 P.2d 345, 349; *State v. Thomason* (1980), 153 Ga. App. 345, 350-51, 265 S.E.2d 312, 315-16; *State v. Peterson* (Mo. App. 1979), 583 S.W.2d 277, 281-82.

■■ However, even if a proper basis were conceded for the inventory it would not justify the intrusion into the inside of the plastic bag in the trunk under the circumstances. The inventory exception does not authorize the inspection of closed containers absent exigent circumstances "such as danger to the officer or the destruction and mobility of the evidence." (*People v. Bayles* (1980), 82 Ill. 2d 128, 143.) The plastic bag, of course, differs from the suitcase involved in *Bayles*, but we think a similar expectation of privacy is present under the evidence which shows that the gun was concealed in a towel, not visible to the officer until the package was opened and, based on the testimony, apparently not recognizable even in outline. In *People v. Dennison* (1978), 61 Ill. App. 3d 473, 479, a search of a tool box was invalidated. In *Dennison*, the court cited with approval a Colorado case which found an expectation of privacy in a securely sealed knapsack where it was noted that the knapsack did not give any indication that its contents were dangerous or particularly valuable and in need of special inventory and further noted that the legitimate purposes of the inventory search could have been fully accomplished by merely listing the item as a sealed knapsack. *People v. Counterman* (Colo. 1976), 556 P.2d 481, 485.

■■ As to the coins found in the front of the car in plain view in connection with a valid traffic arrest, we conclude that the motion to suppress was properly denied. The officer could properly testify to the fact that he saw the coins, even though it did not afford him probable cause to believe that a crime had been committed in which the coins were involved and his later seizure of them was illegal. However, we conclude that the court erred in denying the motion to suppress testimony concerning the gun and the additional coins which were not in plain view. Nevertheless we also conclude that the error was harmless beyond a reasonable doubt under all of the circumstances.

At trial Wayne Barker, the manager of the restaurant, testified that shortly after the restaurant opened on September 2, a man approached him, asked him if he was the manager, and brandished a gun. The man

was accompanied by another who wore a stocking over his face. Barker further testified that he was ordered into the office and told to open the safe. As he removed the bills and coin rolls from the safe, the gunman took his wallet from his back pocket. Barker identified defendant in court as the gunman.

Several other persons present in the restaurant at the time also testified. One person positively identified defendant as the gunman, and two others said he looked very much like the gunman. A Lombard police officer also testified that about 12:50 a.m. on September 2 he questioned defendant near the restaurant which was robbed. Defendant told him he had a date with a woman who worked at the restaurant.

It should be noted that the gun was not offered in evidence and apparently had been inadvertently destroyed by the police. Further, there was ample testimony that the gun was used in connection with the armed robbery but very sparse and conflicting descriptions of the weapon. There was no evidence that was probative of the question whether the gun found in the trunk was the one used in the robbery. Defendant was identified positively in court by two of the persons in the restaurant as the gunman. As to the coins, defendant concedes that the officer properly testified concerning the coins seen in plain view from outside the car. The further testimony concerning the additional coins could not have contributed to the verdict since the total amount of coins was not determined. Since the arresting officers could have testified that defendant was arrested with another person less than two hours after the robbery had been committed, driving a car which he did not own, with license plates registered to another person and vehicle, with $1,000 in bills in his pocket and a quantity of wrapped coins in the car he was driving, the jury could not reasonably have reached a different verdict even if the testimony as to the gun found in the trunk had not been permitted. We therefore conclude that the testimony of the officers with reference to the gun and the quantity of coins not seen in plain view was harmless beyond a reasonable doubt.

■■ The defendant also contends that the judgments on the armed robbery counts should be vacated since they are based on the same physical acts as the armed violence convictions. The State concedes that counts I and IV (armed robbery) charge defendant with the same act as do counts II and V (armed violence), but argues that armed robbery is not a lesser-included offense of armed violence and that the armed violence counts, which are the more general, should be vacated. We agree that armed robbery is not a lesser-included offense of armed violence since there are many ways of committing armed violence without committing armed robbery. (See *People v. Thompson* (1977), 55 Ill. App. 3d 795, 797-98.) We also conclude that the armed robbery charge is both the more

specific offense and the more serious offense and on either basis it should stand. (See *People v. Clark* (1979), 71 Ill. App. 3d 381, 420; *People v. Jones* (1980), 89 Ill. App. 3d 1030; *People v. Crawford* (1980), 90 Ill. App. 3d 888, 889-90.) We therefore affirm the convictions on the armed robbery charges and vacate the convictions for armed violence.

■■ The defendant has also maintained that since he only committed one armed robbery against a single victim he was improperly convicted on two counts of armed robbery. The State maintains that two counts are proper since the act of taking Barker's wallet was separate from the act of robbing the restaurant's safe. In our view the act of taking the wallet and the contents of the safe occurred simultaneously and in the same room and therefore fall within the prohibition that multiple convictions and concurrent sentences are not permissible where more than one offense is carved from the same physical act. (*People v. King* (1977), 66 Ill. 2d 551, 566.) We distinguish our opinion in *People v. Moore* (1978), 61 Ill. App. 3d 694, cited by the State, because in that case the victim's purse contents were taken from one location and money was stolen from other locations on the premises at a different time. We also reject the State's argument that there were multiple victims on the theory that defendant was robbing the restaurant as well as robbing Barker personally. We have held that the simultaneous taking of property belonging to different persons constitutes a single act of theft. (See *People v. Depner* (1980), 89 Ill. App. 3d 689, 694.) Also, it is doubtful that the restaurant, a corporate entity, can ever be considered a victim of an armed robbery, which requires a taking from the "presence of another by the use of force." Ill. Rev. Stat. 1979, ch. 38, par. 18—1.

We therefore affirm the defendant's conviction and sentence based on count I charging armed robbery, vacate the conviction and sentences based on count II charging defendant with armed robbery, and vacate the convictions and sentences on counts IV and V charging armed violence.

Affirmed in part and vacated in part.

REINHARD and VAN DEUSEN, JJ., concur.