THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v.
MARC E. ALEWELT, Defendant-Appellee.

Third District   No. 3—90—0904

Opinion filed August 21, 1991.

David W. Neal, State's Attorney, of Morris (Jay P. Hoffmann, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

Mueller & Garretson, of Morris (Joseph A. Mueller, of counsel), for appellee.

JUSTICE McCUSKEY delivered the opinion of the court:

The People of the State of Illinois appeal the ruling of the circuit court of Grundy County granting defendant's motion to suppress evidence. We affirm.

On March 12, 1988, Officer Carl Gutierrez of the Illinois State Police, while on routine patrol, clocked the vehicle driven by defendant, Marc Alewelt, at 75 miles per hour in a 65-mile-per-hour speed zone on Interstate 55. Gutierrez was not familiar with the defendant or the vehicle he was driving. When Gutierrez learned that defendant's driving privileges were suspended, he took the defendant into custody and arrested him for driving while license suspended. Because defendant lived in Springfield, the officer immediately requested the vehicle be towed from the highway. The officer never consulted the defendant about removing the vehicle from Interstate 55, nor did the officer wait to determine if other arrangements could be made before removing the vehicle from the roadway.

Gutierrez stated that when the defendant handed him the keys to the vehicle, the trunk key was missing. The defendant indicated to Gutierrez that the owner of the vehicle never gave him a trunk key. Nevertheless, Gutierrez found the trunk key lying on the driver's seat. Gutierrez then inventoried the vehicle. Gutierrez testified the reason for the inventory was to safeguard the defendant's possessions and to protect the State Police against any claims of misappropriation. Gutierrez found various routine items when he inventoried the interior of the vehicle, *e.g.*, camera, radar detector, etc.

After the vehicle was towed to State Police district headquarters, Gutierrez searched and inventoried the trunk without receiving permission from defendant or obtaining a search warrant. The officer noticed a brown bag in the corner of the trunk. He testified he could see a plastic bag containing a white powdery substance within the brown bag. Gutierrez altered his inventory list and filed additional charges against the defendant. Defendant was then charged with both unlawful possession of a controlled substance and unlawful possession of a controlled substance with intent to deliver.

Defendant filed a motion to suppress evidence, claiming (1) the officer did not have reasonable grounds to search the trunk of the

vehicle; and (2) the search was pretextual to an investigatory motive. The trial court agreed and granted the defendant's motion to suppress evidence.

The State contends the trial court erred in granting defendant's motion to suppress evidence. We disagree.

A reviewing court will not disturb a trial court's ruling on a motion to suppress evidence unless the trial court's determination is contrary to the manifest weight of the evidence. The determination of the credibility of witnesses and weighing the sufficiency of the evidence presented at a trial are both discretionary matters best left within the province of the trial court. Unless the trial court clearly abuses its discretion, a reviewing court should not disturb its findings. *People v. Janis* (1990), 139 Ill. 2d 300, 565 N.E.2d 633.

When an inventory search is found to be unjustified and is pretextual to concealing an investigatory motive, it will be deemed illegal and the evidence found must be excluded. (*People v. Reincke* (1980), 84 Ill. App. 3d 222, 225-26, 405 N.E.2d 430.) An inventory intrusion into a vehicle is tested for its constitutionality by the application of the fourth amendment standard of reasonableness. In determining whether the inventory search was reasonable, the threshold inquiry is whether the prior impoundment of the vehicle was proper. *People v. Braasch* (1984), 122 Ill. App. 3d 747, 461 N.E.2d 651.

The trial court based its decision to suppress the evidence in this case in part on the fact there was no probable cause to search the trunk of the automobile. It should be noted the investigating officer did not obtain a search warrant or obtain consent to search the trunk. Furthermore, exigent circumstances did not exist because the car was secure at the police headquarters. At the time of the seizure of the drugs, the defendant was under arrest only for speeding and driving while his license was suspended. Probable cause exists where the totality of the facts and circumstances within the officer's knowledge are sufficient in themselves to warrant a man of reasonable caution to the belief that an offense has been or is being committed. (*Illinois v. Gates* (1983), 462 U.S. 213, 76 L. Ed. 2d 527, 103 S. Ct. 2317.) Probable cause is determined at the time of the arrest. (*People v. Tisler* (1984), 103 Ill. 2d 226, 469 N.E.2d 147.) Evidence obtained *after* the arrest cannot be considered in determining whether probable cause existed for the arrest. (*Johnson v. United States* (1948), 333 U.S. 10, 92 L. Ed. 436, 68 S. Ct. 367.) Two officers testified that the defendant, the owner of the

car, and the vehicle itself were not subjects of any investigation regarding drugs.

■■ The trial court noted Gutierrez did not follow intradepartmental regulations concerning the inventory search and towing the vehicle. The directives of the State Police provide a two-hour time limit before a vehicle may be removed when left on an interstate highway.

Section 4—203 of the Illinois Vehicle Code provides:

> "When a vehicle is abandoned, or left unattended, on a toll highway, interstate highway, or expressway for 2 hours or more, its removal by a towing service may be authorized by a law enforcement agency having jurisdiction." Ill. Rev. Stat. 1989, ch. 95½, par. 4—203(a).

Finally, the trial judge indicated that he did not believe certain portions of Gutierrez's testimony. For example, the trial judge believed Gutierrez conducted a pretextual search for contraband. The trial judge also did not believe Gutierrez's explanation of the inconsistencies in his inventory report. The inventory given to the tow company was blank, even though Gutierrez had inventoried the interior of the vehicle before it was towed. Also, Gutierrez's inventory list was written with different pens, presumably at different times.

The trial court has the superior vantage point in which to determine the credibility of the witnesses and weigh the sufficiency of the evidence. Based on the entire record, the trial court's decision was not against the manifest weight of the evidence and was not an abuse of discretion.

The circuit court of Grundy County is hereby affirmed.

Affirmed.

SLATER and BARRY, JJ., concur.