THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. JAMES LEAR, JR., Defendant-Appellee.

Fifth District   No. 5—90—0112

Opinion filed August 23, 1991.

Paula Phillips, State's Attorney, of Effingham (Kenneth R. Boyle, Stephen E. Norris, and Debra A. Buchman, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

Michael J. Meyer, of Meyer, Keller & Runde, of Effingham, for appellee.

JUSTICE HOWERTON delivered the opinion of the court:

Defendant was stopped for speeding on Interstate 57 in Effingham County and was arrested for driving on a suspended license. Defendant's car was towed off the highway and impounded in a local garage where Sergeant Kim Rhodes, the officer who stopped defendant, and another officer conducted an inventory search on defendant's car. While searching the trunk, the officers noticed a bundle of money in an area where the lining had been pulled away from the trunk wall, just beneath the trunk lock. While searching further between the trunk lining and trunk wall, Rhodes found a drawstring bag tied to and hanging from the trunk bar. She grasped the bag, thought it contained weapons, searched it, and found two loaded handguns.

Defendant was charged with possession of a firearm without the requisite firearm owner's identification card in violation of section 2 of the Firearm Owners Identification Card Act (Ill. Rev. Stat. 1989, ch. 38, par. 83—2) and unlawful use of weapons in violation of section 24—1(a)(4) of the Illinois Criminal Code of 1961 (Ill. Rev. Stat. 1989, ch. 38, par. 24—1(a)(4)).

Defendant moved to suppress the introduction of the guns into evidence, claiming that the search and seizure of the guns violated article I, section 6, of the Illinois Constitution and the fourth amendment of the United States Constitution. The circuit court granted the motion to suppress. The State appealed. We affirm.

The circuit court, relying on *People v. Velleff* (1981), 94 Ill. App. 3d 820, 419 N.E.2d 89, upheld the inventory search of the trunk and the seizure of the money, but held that the search into the contents of the drawstring bag went beyond a valid inventory search and suppressed the handguns.

In *Velleff*, Chicago police stopped defendant for driving with a cracked windshield and without a license plate. Since defendant had no driver's license and the car was not registered to him, he was arrested and told to follow the police to the station. While at the station, police impounded his car and conducted an inventory search after having discovered that defendant was wanted for an outstanding traffic violation. In the trunk, police found an orange plastic bag. They opened it, found a towel inside, unfolded the towel, and found a handgun, which turned out to have been stolen. The circuit court refused to suppress the evidence. On appeal, it was stated that an "inventory [search] does not authorize the inspection of closed con-

tainers absent exigent circumstances 'such as danger to the officer or the destruction and mobility of the evidence.' " *People v. Velleff*, 94 Ill. App. 3d at 824, 419 N.E.2d at 92, quoting *People v. Bayles* (1980), 82 Ill. 2d 128, 411 N.E.2d 1346 (wherein the Illinois Supreme Court ruled that the inventory search of a suitcase was unreasonable under the fourth amendment to the United States Constitution).

The State argues in the case at bar that the search into the drawstring bag was permissible and relies on *People v. Braasch* (1984), 122 Ill. App. 3d 747, 461 N.E.2d 651, wherein the second district held that a search of the contents of a paper bag found in defendant's trunk during an inventory search was proper. *Braasch* relied on: (a) *Illinois v. Lafayette* (1983), 462 U.S. 640, 77 L. Ed. 2d 65, 103 S. Ct. 2605, which held that an inventory search at the stationhouse of containers or articles in defendant's possession done in accordance with established inventory procedures did not violate the fourth amendment; and (b) on Professor LaFave's commentary that the Supreme Court would likely reach the same conclusion as to containers within inventoried vehicles. (See 2 W. LaFave, Search & Seizure §7.4 (Supp. 1984).) History has proved kind to Professor LaFave's prediction. (See *Colorado v. Bertine* (1987), 479 U.S. 367, 93 L. Ed. 2d 739, 107 S. Ct. 738 (where opening a closed container found in an impounded vehicle during a warrantless inventory search that was done pursuant to standard police procedure was held not to violate the fourth amendment).) In the case at bar, however, the State failed to prove the predicate to a constitutionally valid search of a closed container—namely, that it was the standard policy to make an inventory of the contents of a closed container that itself is discovered during a routine inventory.

■■■ The one thread common to all valid warrantless inventory searches is that the search was predicated on a standard police procedure. (See *Colorado v. Bertine* (1987), 479 U.S. 367, 93 L. Ed. 2d 739, 107 S. Ct. 738; *South Dakota v. Opperman* (1976), 428 U.S. 364, 49 L. Ed. 2d 1000, 96 S. Ct. 3092; *Illinois v. Lafayette* (1983), 462 U.S. 640, 77 L. Ed. 2d 65, 103 S. Ct. 2605; *People v. Bayles* (1980), 82 Ill. 2d 128, 411 N.E.2d 1346; *People v. Braasch* (1984), 122 Ill. App. 3d 747, 461 N.E.2d 651; *People v. Velleff* (1981), 94 Ill. App. 3d 820, 419 N.E.2d 89.) Here, Officer Rhodes testified at the suppression hearing that the inventory search of defendant's car was done pursuant to standard procedure. That testimony validates opening the trunk. However, she never testified that it was standard procedure to open closed containers in all impounded vehicles, which we believe to be the predicate necessary to a search of the closed drawstring bag. We

hold the State must show such a policy before an inventory search into containers found in an impounded vehicle will be upheld. "[I]t is permissible for police officers to open closed containers in an inventory search only if they are following standard police procedures that mandate the opening of such containers in every impounded vehicle." (*Colorado v. Bertine*, 479 U.S. at 376-77, 93 L. Ed. 2d at 749, 107 S. Ct. at 734-44 (Blackmun, J., concurring).) Here no such policy was proven, and we cannot presume that one exists especially since other pieces of luggage in defendant's trunk were not searched. We, therefore, affirm the circuit court.

Affirmed.

HARRISON and GOLDENHERSH, JJ., concur.