THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. MARTELL CLARK, Defendant-Appellant.

First District (4th Division)   No. 1—07—3185

Opinion filed September 3, 2009.

Michael J. Pelletier, Patricia Unsinn, and David T. Harris, all of State Appellate Defender's Office, of Chicago, for appellant.

Anita Alvarez, State's Attorney, of Chicago (James E. Fitzgerald, Anthony M. O'Brien, and Matthew Connors, Assistant State's Attorneys, of counsel), for the People.

JUSTICE GALLAGHER delivered the opinion of the court:

Following a bench trial in the circuit court of Cook County, defendant Martell Clark was found guilty of unlawful possession of a controlled substance (720 ILCS 570/402(c) (West 2006)) and sentenced to 13 months' probation. On appeal, defendant contends that the State failed to prove beyond a reasonable doubt that he had knowing possession of the contraband found in his car. In a supplemental brief, defendant contends that his motion to suppress that evidence should have been granted because the search of his car was valid neither as an inventory search nor as a search incident to arrest.

On September 6, 2006, defendant was charged with unlawful possession of a controlled substance with intent to deliver. Prior to trial, defendant filed a motion to quash his arrest based on the absence of authority or probable cause to effect it, and to suppress the evidence discovered directly and indirectly as a result.

On September 25, 2007, a hearing was held on defendant's motion. In that proceeding, Chicago police officer Mark Mocarski testified that at approximately 11 p.m. on August 10, 2006, he and his partners curbed defendant at 7117 South Hermitage Avenue after he failed to make a complete stop at the sign at 72nd Street and South Hermitage Avenue. As the officers approached defendant's car, Officer Mocarski observed that defendant was alone and asked him for his driver's license. Defendant produced a ticket and an insurance card, but no additional photo identification. Since he could not verify defendant's identity or check his license number at the scene, Officer Mocarski placed defendant in the backseat of the police vehicle for transport to the station. Officer Mocarski then performed a custodial inventory search of defendant's vehicle in preparation for towing and discovered a bag, which contained 21 individually wrapped rocks of crack cocaine, in the rear ashtray of the vehicle.

On cross-examination, Officer Mocarski explained that when individuals produce a ticket in lieu of a license, it is standard Chicago police procedure for the driver to be taken to the police station to verify his identity and to post bond. Once the driver is placed in custody, an inventory search of the car is conducted. During that process in this case, he recovered the crack cocaine from the ashtray in the rear console, an area that could be reached from the front seat of the car. Officer Mocarski also verified defendant's ownership of the car through a check of the license plate.

On redirect examination, Officer Mocarski testified that he searched the car because it was to be towed and inventoried. In response to an inquiry by the court, he stated that he does this in each case where the car is to be towed, that there was no one else to drive the car, and that he did not think that he could leave the car on the street.

Arguments were then presented by respective counsel. The defense maintained that the testimony showed the traffic stop to be a pretext for the subsequent illegal search. The State responded that the stop incident to a traffic violation was legal, that defendant was properly taken into custody to post bond on the ticket, and that his car was towed because the officer would not leave it in the middle of the street.

The trial court considered these arguments, then denied defendant's motion. In doing so, the court found that the detention was valid and conducted pursuant to Chicago police department policy, which clearly required that an individual found to be driving on a ticket be taken to the station. The court also found the search of defendant's car valid as incident to the towing under police department policy.

The cause then proceeded to trial where defendant waived his right to a jury, and the parties stipulated to the motion testimony of Officer Mocarski. The parties also stipulated that Officer Mocarski would further testify to a proper chain of custody of the narcotics from the time of seizure to their inventory and delivery to the Illinois State Police crime lab. In addition, the parties stipulated to the forensic testing of the contents of 7 of the 21 bags, which proved positive for the presence of cocaine, with an actual weight of 1.2 grams, and a total estimated weight of the 21 bags of 3.6 grams.

Defendant then testified on his own behalf that about 11:30 p.m. on August 10, 2006, he and a small group were seated on the hood of his car parked at 71st Street and South Hermitage Avenue when three detectives, including Officer Mocarski, stopped nearby and asked them what they were doing. After they responded that they were waiting for someone, the detectives searched and handcuffed them and asked for

identification. Defendant provided a work identification and a ticket, but no driver's license; and after the detectives checked their names in the computer, Officer Mocarski searched defendant's car and produced a ball of aluminum foil from his back pocket, containing crack cocaine, which he claimed was in the car.

The trial court found Officer Mocarski's testimony more credible than that of defendant and the evidence sufficient to prove him guilty beyond a reasonable doubt of the lesser-included offense of possession of a controlled substance. Defendant now challenges that determination and the denial of his motion to suppress.

The burden of proving the unlawfulness of a search and seizure on a motion to suppress rests with defendant. *People v. Evans*, 314 Ill. App. 3d 985, 989 (2000). When reviewing a ruling on such a motion, this court accords great deference to the trial court's factual findings and will reverse those findings only if they are against the manifest weight of evidence. *People v. Gipson*, 203 Ill. 2d 298, 303 (2003). However, we review *de novo* the ultimate question of the legal challenge to the denial of defendant's motion to suppress. *People v. Sorenson*, 196 Ill. 2d 425, 431 (2001).

In this case, the court found the search valid as an inventory search pursuant to a reasonable police policy of towing vehicles when detaining individuals driving without identification and on a ticket. Defendant contends that the search was not valid as an inventory search or as one incident to arrest.

The fourth amendment prohibits searches conducted outside the judicial process, without prior approval by a judge or magistrate, subject to a few well-delineated exceptions. *Arizona v. Gant*, 556 U.S. 332, 338, 173 L. Ed. 2d 485, 493, 129 S. Ct. 1710, 1716 (2009). One such exception is a search conducted incident to arrest (*Gant*, 556 U.S. at 338, 173 L. Ed. 2d at 493, 129 S. Ct. at 1716) and another is an inventory search of a lawfully impounded vehicle (*Gipson*, 203 Ill. 2d at 304).

In *Gant*, the Supreme Court held that the warrantless search of a vehicle incident to a recent occupant's arrest may be conducted by police only when the arrestee is unsecured and "is within reaching distance of the passenger compartment at the time of the search or it is reasonable to believe the vehicle contains evidence of the offense of arrest. When these justifications are absent, a search of an arrestee's vehicle will be unreasonable unless police obtain a warrant or show that another exception to the warrant requirement applies." *Gant*, 556 U.S. at 351, 173 L. Ed. 2d at 501, 129 S. Ct. at 1723-24. Because the evidence in this case shows that defendant was placed in the backseat of a police car at the time of the search, and there was no reason

to believe that evidence pertaining to the traffic offense would be found in his vehicle, the search of his rear seat and ashtray cannot be considered valid as a search incident to arrest. Thus, in order for the search to be considered reasonable, another exception to the warrant requirement must apply.

■ The State argues that defendant's contention under *Gant* is irrelevant where the evidence clearly shows that the search was incident to the towing of defendant's vehicle and was valid as an inventory search. We disagree. Three criteria must be met for a valid warrantless inventory search of a vehicle: (1) the original impoundment of the vehicle must be lawful; (2) the purpose of the inventory search must be to protect the owner's property and the police from claims of lost, stolen, or vandalized property, and to guard the police from danger; and (3) the inventory search must be conducted in good faith pursuant to reasonable standardized police procedures and not as a pretext for an investigatory stop. *People v. Hundley*, 156 Ill. 2d 135, 138 (1993). In order to be deemed reasonable, the inventory search must further these objectives, and it will satisfy the fourth amendment as long as the police regulations are reasonable and administered in good faith. *People v. Ursini*, 245 Ill. App. 3d 480, 484 (1993). There is no requirement, however, that the procedures be in writing; only that the police act according to standardized department procedures in conducting inventory searches. *Gipson*, 203 Ill. 2d at 306, 309. The threshold question is whether the prior impoundment was proper since the need and justification for the inventory arise from the impoundment. *Ursini*, 245 Ill. App. 3d at 483.

Pursuant to its community caretaking function, police have authority to seize and remove from the streets vehicles impeding traffic or threatening public safety and convenience. *Ursini*, 245 Ill. App. 3d at 483, citing *South Dakota v. Opperman*, 428 U.S. 364, 369, 49 L. Ed. 2d 1000, 1005, 96 S. Ct. 3092, 3097 (1976). However, the fact that defendant's car would be left unattended is not a sufficient reason for impoundment unless the vehicle would be illegally parked. *Ursini*, 245 Ill. App. 3d at 483.

The State maintains that defendant's car was properly impounded pursuant to Chicago police policy that required unattended cars to be towed where defendant failed to produce a valid license and was the sole occupant of the vehicle and there was no other passenger available to drive it. The State further maintains that there was no showing that defendant's vehicle was legally parked where curbed, and it is logical that the vehicle could not be left on the street as a hazard to other motorists. Thus, the State claims, the car was towed pursuant to the policy which served the legitimate interest of protecting defendant's vehicle from damage or theft while unattended.

■ Our review shows that defendant's vehicle was curbed by Officer Mocarski and his partners on a residential city street. There was no evidence, however, of its exact location or that it was illegally parked, impeding traffic, or threatening public safety or convenience. *Ursini*, 245 Ill. App. 3d at 483, 486; *People v. Brown*, 100 Ill. App. 3d 57, 63-64 (1981). In addition, Officer Mocarski did not testify that he towed the vehicle to protect it against damage or theft. *People v. Schultz*, 93 Ill. App. 3d 1071, 1076 (1981). The record, therefore, does not support the bases proffered by the State to establish the validity of the impoundment. *Ursini*, 245 Ill. App. 3d at 487.

The record also does not support the State's further contention that Officer Mocarski lawfully impounded the vehicle pursuant to a standardized police procedure. *Ursini*, 245 Ill. App. 3d at 483. Although Officer Mocarski testified to standard police procedure requiring him to take defendant into custody for verification of his identity and to conduct an inventory search incident to towing, he failed to testify to such a procedure requiring him to tow the vehicle. *People v. Lear*, 217 Ill. App. 3d 712, 714 (1991). Rather, Officer Mocarski testified to his belief that he could not leave the car on the street.

Although there is no requirement that the State present written procedures in such a case, Officer Mocarski's testimony here was insufficient to show that he was acting in accordance with a standardized police procedure regarding the decision to tow. *Gipson*, 203 Ill. 2d at 306, 309; *Lear*, 217 Ill. App. 3d at 714. That omission, and the lack of evidence regarding the location of the car, leads us to conclude that no cognizable reason for the impoundment was shown to justify the subsequent search conducted pursuant to it. *Schultz*, 93 Ill. App. 3d at 1077.

This conclusion was apparent from our colloquy with counsel for the State during oral argument. When asked whether a written inventory was prepared and whether inventory searches are done at the scene of an arrest or at a police station, the responses provided by counsel made it clear that the "inventory search" on the street by the arresting officer did not comport with any acknowledged Chicago police department procedure.

We therefore conclude that the trial court should have granted defendant's motion to suppress and excluded the cocaine discovered in the rear console ashtray of the vehicle which was obtained as a result of an impermissible search (*People v. Kipfer*, 356 Ill. App. 3d 132, 143 (2005)) and formed the basis of the criminal charge filed against him.

For these reasons, we reverse the judgment of the circuit court of Cook County denying defendant's motion to quash arrest and to suppress evidence. *Kipfer*, 356 Ill. App. 3d at 143. Because the State would

be unable to prove beyond a reasonable doubt that defendant unlawfully possessed a controlled substance without the suppressed cocaine, we reverse outright defendant's conviction and sentence.

Reversed.

O'BRIEN, P.J., and NEVILLE, J., concur.