Filed August 31, 2010

3-09-0698

IN THE APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

A.D., 2010

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court For the 12th Judicial Circuit Will County, Illinois |
| Plaintiff-Appellant, | ) ) | |
| v. | ) ) | No. 08-CF-1178 |
| TERRY MASON, | ) ) | Honorable Edward A. Burmila, Jr., Judge, Presiding |
| Defendant-Appellee. | ) | |

JUSTICE O'BRIEN delivered the opinion of the court:

Following a hearing, the trial court granted defendant Terry Mason's motion to suppress evidence, specifically, cocaine that was found by the police in the vehicle Mason was driving when he was stopped on probable cause for driving under the influence. The State filed a certificate of substantial impairment to proceed to trial on charges of aggravated driving while under the influence of alcohol, aggravated driving while license revoked and unlawful possession of a controlled substance. The trial court granted the State leave to file this appeal. We reverse the trial court and remand the cause for further proceedings.

FACTS

Defendant Terry Mason was charged with felony driving while under the influence of alcohol (625 ILCS 5/11-501(A) (West 2006)), aggravated driving while license revoked (625 ILCS 5/6-303(d-2) (West 2006)), and unlawful possession of a controlled substance (720 ILCS 570/402(c)

(West 2006)). The cause proceeded to a bench trial and the trial court heard Mason's motion to suppress the evidence of cocaine that led to the unlawful possession of a controlled substance charge.

With respect to the hearing on the motion to suppress evidence, Mason presented the following evidence in support of his motion. Officer Jason O'Hara of the Bolingbrook police department testified that on May 21, 2008, at approximately 2:10 a.m., after observing Mason commit a moving traffic violation, he activated the overhead lights on his police vehicle to conduct a stop of Mason. In response, Mason pulled the vehicle he was driving over to the side of the road known as Fernwood Drive. O'Hara testified that Mason parked the vehicle properly. After determining that Mason's driver's license was revoked and after Mason was unable to provide proof of vehicle insurance, O'Hara called for a backup unit to assist him. O'Hara testified he observed that Mason had a noticeable odor of alcohol on his breath, that his eyes were glassy and bloodshot, that his speech was slurred and that he was "swaying" after he exited the vehicle. These observations led O'Hara to believe Mason was under the influence of alcohol and unable to safely operate a motor vehicle. Mason tacitly refused to perform any field sobriety tests. Mason told O'Hara he had consumed two "drinks." After the backup arrived, O'Hara placed Mason under arrest for driving while license revoked (DWR) and driving under the influence (DUI).

After Mason was secured, O'Hara joined the backup officers in a search of Mason's vehicle. O'Hara went directly to the driver's side front door of the vehicle. Upon opening the door, O'Hara "almost" immediately observed in the door handle area a clear torn plastic bag containing a powdery "rock-like" substance and three "chunks." O'Hara took the substance into evidence. The vehicle Mason was driving was then towed. O'Hara testified that based on the fact that no proof of insurance for the vehicle had been produced, it had to be towed from the scene. O'Hara explained that when

2

a vehicle is towed, the police conduct an inventory search of the vehicle, complete a tow report and stay with the vehicle until a tow driver arrives and receives the vehicle. O'Hara acknowledged the vehicle Mason was driving did not belong to him.

The State moved for a directed finding on Mason's motion to suppress evidence. The trial court denied the State's motion.[1] In doing so, the trial court stated, in part, that based on the United States Supreme Court decision in *Arizona v. Gant*, 556 U.S. __, 173 L. Ed. 2d 485, 129 S. Ct. 1710 (2009)), "the search can no longer be considered incident to an arrest." The trial court observed that the videotape of the arrest clearly showed Mason was handcuffed and placed in the back of the police vehicle and had not left his driver's door open. For this reason, the trial court stated, "so how the officers would have made a plain view sighting of the cocaine in the door without opening the door and going back into the vehicle is lost on the Court." The trial court also noted it was "hard pressed to understand what evidence of DUI would be found in the vehicle," as there was no indication Mason was drinking while he was driving the vehicle or that evidence he was driving while revoked could be found in the vehicle. With regard to the State's argument that the search of the vehicle was done pursuant to an inventory, the trial court stated, in part: "I would think that if a simple inventory search would void out the ruling in Arizona versus Gant, the ruling in [that case] would be meaningless. However, that issue is not necessarily before me because the officer did not say that they searched for inventory purpose. That was hypothesized by the State." The trial court concluded the burden of proof had shifted to the State to prove the search of Mason's vehicle was lawful. The trial court stated its decision was based on the fact that Mason was in custody in the police car at the

---

[1]Mason also argued a motion to quash his arrest after which the trial court directed a verdict for the State.

time the vehicle was searched and there was no indication the police were searching for evidence of the crimes for which Mason had been arrested.

The trial court ordered the suppression hearing to continue.

In response to the trial court's ruling, the State recalled Officer O'Hara and asked him, "when searching a car when arresting someone for DUI, what are you looking for when you search the car?" O'Hara responded, "[a]ny contraband, items of value that need to be secured, weapons." O'Hara also testified that the Bolingbrook police department policy when a vehicle towed is to conduct an inventory search to secure any items of value in the vehicle. To conduct the search, the vehicle and its compartments are searched and the doors, visors, and floors underneath the seats are examined. O'Hara testified this was the procedure he followed with Mason's vehicle. O'Hara also stated that when a driver's license is "suspended or revoked and there is no insurance for the vehicle, [the police] are mandated to tow the vehicle." When asked to explain whether the mandate was a Bolingbrook policy, O'Hara answered, "[n]o, it is by state law as far as I know." During closing argument, the State argued the police are authorized under their caretaking function to subject a vehicle to impoundment.

In ruling in favor of Mason, the trial court stated, in part, "in the Court's opinion Arizona versus Gant *** is a bright line decision." The trial court opined that "the mere police policy to inventory a vehicle" did not trump the ruling in *Gant*, lest the ruling be considered meaningless. The trial court made the following findings of fact with respect to the search: that there were at least four police officers at the scene; that Mason was handcuffed and inside a police vehicle; that at least two of the police officers entered Mason's vehicle to conduct what "could only be described as a random or ordinary search"; that O'Hara testified such searches are undertaken to look for contraband,

4

weapons, and items of high value; that O'Hara never stated he was looking for evidence of any further proof of the offenses of driving under the influence or driving while revoked; that there was no inference that open containers of alcohol were present in the vehicle; and that any policy of the Bolingbrook police department to inventory vehicles before turning them over to a tow driver did not overrule the requirement "in this case" to secure a search warrant to search the vehicle after Mason was placed into custody. The trial court suppressed the evidence of cocaine. The State filed a certificate of substantial impairment to proceed to trial on charges of aggravated driving while under the influence of alcohol, aggravated driving while license revoked and unlawful possession of a controlled substance. The trial court granted the State leave to file this appeal

ANALYSIS

On appeal, the State asserts the trial court erred in granting Mason's motion to suppress the cocaine evidence because the police search of Mason's vehicle was both a search related to the crimes for which he was arrested and a search incident to an inventory. The State does not dispute that there was no basis for a search "incident to arrest" because Mason was restrained and in custody at the time of the search. The ruling of a trial court on a motion to suppress presents mixed questions of fact and of law. *People v. James*, 391 Ill. App. 3d 1045, 1050, 910 N.E.2d 168, 172 (2009). A trial court's factual findings are entitled to great deference and we will not disturb a trial court's findings of fact unless they are manifestly erroneous. *People v. Cosby*, 231 Ill. 2d 262, 271, 898 N.E.2d 603, 609 (2008). A reviewing court remains free to undertake its own assessment of the facts in relation to the issues, however, and we may draw our own conclusions when deciding what relief should be granted. *Cosby*, 231 Ill. 2d at 271, 898 N.E.2d at 609 For this reason, we review a trial court's ultimate decision concerning whether to grant the motion to suppress *de novo*. *James*, 391

5

Ill. App. 3d at 1050, 910 N.E.2d at 172.

Subject to a few specific, well-defined exceptions, a search conducted without prior approval of a judge or magistrate is *per se* unreasonable under the fourth amendment. *People v. Bridgewater*, 235 Ill. 2d 85, 93, 918 N.E.2d 553, 557 (2009). As the trial court in this case noted, the United States Supreme Court, in *Arizona v. Gant*, 556 U.S. __, __, 173 L. Ed. 2d 485, 493, 129 S. Ct. 1710, 1716 (2009), recently clarified the search-incident-to-arrest exception that applies to the warrantless search of a vehicle. In *Gant*, the Supreme Court emphasized that there are two circumstances under which a search of a vehicle incident to arrest is permissible. See *Gant*, 556 U. S. at __ , 173 L. Ed. 2d at 496, 129 S. Ct. at 1719. Under the first circumstance, law enforcement may search "a vehicle incident to a recent occupant's arrest only when the arrestee is unsecured and within reaching distance of the passenger compartment at the time of the search." *Gant*, 556 U.S. at __, 173 L. Ed. 2d at 496, 129 S. Ct. at 1719. The second circumstance justifying the search of a vehicle incident to a lawful arrest occurs "when it is 'reasonable to believe evidence relevant to the crime of arrest might be found in the vehicle.' " *Gant*, 556 U.S. at __, 173 L. Ed. 2d at 496, 129 S. Ct. at 1719, quoting *Thornton v. United States*, 541 U.S. 615, 632, 158 L. Ed. 2d 905, 920, 124 S. Ct. 2127, 2137 (2004).

In the instant case, as noted above, the State does not dispute that the first *Gant* circumstance is not at issue here. Mason was handcuffed and secured in a police vehicle at the time of the search; therefore, he was not in reaching distance of the passenger compartment of the vehicle. The State argues, however, that the second *Gant* circumstance does apply in this case because the "contraband" the police were searching for could include open alcohol containers, evidence that would support the charge of driving while under the influence of alcohol. The State's argument in this regard is

undermined by the findings of the trial court, which did not believe the police acted under a reasonable belief that the vehicle contained evidence relevant to the crimes for which Mason had been placed under arrest. The trial court specifically described the search of Mason's vehicle as "a random or ordinary search," noting that O'Hara testified such searches are undertaken to look for contraband, weapons, and items of high value. The trial court further found that O'Hara never stated he was looking for evidence of any further proof of the offenses of driving under the influence or driving while revoked and that there was no inference that open containers of alcohol were present in the vehicle. Giving the trial court's findings of fact their due deference, we conclude that the State cannot rest its "lawful search" argument on the second *Gant* circumstance.

We also consider, however, that the trial court misinterpreted *Gant* in concluding the decision also stands for the proposition that the warrantless search of a vehicle pursuant to an impoundment inventory is prohibited. See *People v. Clark*, 394 Ill. App. 3d 344, 348, 914 N.E.2d 734, 737-38 (2009) (referencing *Gant*, but analyzing a search incident to the towing of a defendant's vehicle under different criteria). An inventory intrusion into a vehicle is tested for its constitutionality by the application of the fourth amendment standard of reasonableness. *People v. Alewelt*, 217 Ill. App. 3d 578, 579, 577 N.E.2d 809, 810-11 (1991). Where police inventory procedures are reasonable and administered in good faith, the inventory search will be deemed reasonable. *Clark*, 394 Ill. App. 3d at 348, 914 N.E.2d at 737-38. The purpose of the inventory search must be to protect the owner's property, to protect the police from claims of lost, stolen, or vandalized property, and to guard the police from danger. *Clark*, 394 Ill. App. 3d at 348, 914 N.E.2d at 737-38. The inventory search must be conducted in good faith and not as a pretext for an investigatory stop. *Clark*, 394 Ill. App. 3d at 348, 914 N.E.2d at 737-38.

The threshold issue in considering whether the police have conducted a valid inventory search incident to a tow of defendant's vehicle is whether the impoundment of the vehicle is proper. *Alewelt*, 217 Ill. App. 3d at 579, 577 N.E.2d at 811. That a defendant's car would be left unattended is not a sufficient reason for impoundment unless the vehicle is illegally parked. *Clark*, 394 Ill. App. 3d at 348, 914 N.E.2d at 738. Law enforcement does have the authority, however, pursuant to its community caretaking function, to seize and remove from the streets vehicles impeding traffic or threatening public safety and convenience. *Clark*, 394 Ill. App. 3d at 348, 914 N.E.2d at 738. Where the police impound a vehicle based on a cognizable reason, an inventory search pursuant to the tow is justified. See *Clark*, 394 Ill. App. 3d at 349, 914 N.E.2d at 738-39 (finding the State failed to show arresting officer was acting in accordance with a standard police procedure where officer offered no testimony regarding the requirement that defendant's vehicle be towed). Although the State's evidence must support a finding that the decision to tow was based on a reasonable procedure, there is no requirement that the State present evidence of written procedures. *Clark*, 394 Ill. App. 3d at 349, 914 N.E.2d at 738-39.

In the instant case, O'Hara testified that when a defendant is found to be driving with a suspended or revoked license and there is no insurance for the vehicle, he is mandated to tow the vehicle. Although O'Hara was uncertain about the basis of the mandate, his decision to tow Mason's vehicle was based on a standardized procedure that was itself based on the cognizable reason that an uninsured vehicle operated by a driver with a revoked or suspended license must be towed. Because state law prohibits the operation on a public highway of a motor vehicle that is not covered by a liability insurance policy (625 ILCS 5/7-601 (West 2008)), we consider the procedure O'Hara followed was a legitimate exercise of law enforcement's caretaking function. Furthermore, O'Hara

testified in detail regarding the procedure used to inventory a vehicle pursuant to an impoundment– a procedure we also find reasonable.

In conclusion, although we defer to the trial court's finding that the search of Mason's vehicle was not conducted pursuant to a reasonable belief that it contained evidence of the crimes for which he was arrested, we also conclude that the *Gant* decision did not expressly overrule those cases in which courts have sanctioned inventory searches pursuant to the proper impoundment of a vehicle. In the instant case, Mason's vehicle was properly subject to impoundment and the police conducted a reasonable inventory search before the vehicle was towed. For this reason, we reverse the trial court's ruling suppressing the cocaine evidence the police found and remand the cause for further proceedings.

For the foregoing reasons, the judgment of the circuit court of Will County is reversed and the cause remanded for further proceedings.

Reversed and remanded.

HOLDRIDGE, P.J., and WRIGHT, J., concur.