2022 IL App (1st) 192015-U

FIRST DISTRICT,
FIRST DIVISION
September 6, 2022

No. 1-19-2015

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in limited circumstances allowed under Rule 23(e)(1).

_____

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of Cook County, Illinois. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) | No. 18 CR 05001 |
| TIMOTHY BUNN, | ) ) | Honorable |
| Defendant-Appellant. | ) ) ) | James B. Linn, Judge Presiding |

_____

JUSTICE COGHLAN delivered the judgment of the court.
Justices Pucinski and Hyman concurred in the judgment.

**ORDER**

¶ 1    *Held*:  Counsel was not ineffective for failing to file a motion to suppress where defendant did not meet his burden of showing that a suppression motion would have been meritorious.

¶ 2    Following a bench trial, defendant Timothy Bunn was convicted of possession of a controlled substance, aggravated unlawful use of a weapon (AUUW), and violation of the Firearm Owner's Identification (FOID) Card Act. He was sentenced to two years' imprisonment. On appeal, defendant argues that counsel was ineffective for failing to file a motion to suppress evidence recovered during an inventory search and statements defendant made to the police after

his arrest. Defendant asserts that the outcome of his trial would have been different if this evidence had been suppressed. For the following reasons, we affirm.

¶ 3                                    BACKGROUND

¶ 4        Defendant was a passenger in a vehicle that was pulled over for a traffic violation. He was arrested for obstruction of identification after giving police officers a false name and date of birth. The driver was arrested for driving on a suspended license. The vehicle was impounded, and the officers conducted an inventory search. Two guns and ecstasy were recovered from a jacket that defendant had left in the vehicle. Defendant was charged with AUUW, possession of a controlled substance with intent to deliver, and violation of the FOID Card Act.

¶ 5        Officer Spicuzza testified that on March 11, 2018, he was on patrol with his partner, Officer Florek. Around 6:00 p.m., they pulled over a gray Dodge Neon for a "traffic violation" near 957 West 84th Street in Chicago, Illinois. Defendant was one of five occupants in the vehicle and was seated in the middle backseat when the vehicle was stopped. All of the occupants were asked to produce identification.

¶ 6        Defendant told Spicuzza that his name was "Jiaol Robinson" and that his date of birth was January 2, 1995. Defendant was asked to step out of the vehicle because "his name was not coming up on [their] computer." Spicuzza's body worn camera footage shows defendant removing a black jacket with a fur-trimmed hood prior to exiting the vehicle. Defendant called his mother, and the officers eventually learned his name was Timothy Bunn. They "ran the name on the computer, and then took him back to the station for obstruction of identification."

¶ 7        Because "the driver *** had a suspended driver's license, [the officers] decided to impound the vehicle." Florek drove the car to the police station and the officers "did an inventory search of the vehicle *** for any drugs or weapons." Florek searched the black jacket

that defendant was wearing before he exited the vehicle, noting that the jacket "had some weight to it." "[T]wo pistols, one black Smith and Wesson 380 caliber and one silver Cobra pistol also 380 caliber," and a "clear plastic bag filled with suspect ecstasy pills" were recovered in the jacket.

¶ 8       Defendant was questioned at the station by Sergeant Schultz. Schultz's body worn camera footage shows that defendant initially claimed that another guy in the car asked if "you wanna switch me my jacket," but later maintained that the guy sitting "on the right side of [him]" put a gun in his pocket and "the ecstasy came from the Mexican guy." The parties stipulated that defendant did not have a FOID card or concealed carry license and that 12 tablets of "suspect ecstasy," tested positive for 2.7 grams of methylenedioxymethamphetamine, commonly known as MDMA.

¶ 9       Based on the officers' "credible and compelling" testimony, the court found defendant guilty of possession of a controlled substance, AUUW, and violation of the FOID Card Act. He was sentenced to 2 years' imprisonment.[1]

¶ 10                              ANALYSIS

¶ 11       Defendant argues that defense counsel was ineffective for failing to file a motion to suppress the guns and drugs found in his jacket and his statements to the police. He asserts that a suppression motion would have been meritorious because the inventory search was not lawful, and his statements were "the fruits of the unlawful police search."

¶ 12       To establish a claim of ineffective assistance of counsel, defendant must show that counsel's representation fell below an objective standard of reasonableness and that "but for

---

[1]Defendant was separately charged with escape when he failed to appear for sentencing. He pleaded guilty and was sentenced to 2 years' imprisonment, to run consecutive to his sentence in this case.

counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984). "[W]here an ineffectiveness claim is based on counsel's failure to file a suppression motion, in order to establish prejudice under *Strickland*, the defendant must demonstrate that an unargued suppression motion is meritorious, and that a reasonable probability exists that the outcome would have been different had the evidence been suppressed." *People v. Henderson*, 2013 IL 114040, ¶ 15. "Generally, the decision whether to file a motion to suppress is a matter of trial strategy, which is entitled to great deference." *People v. White*, 221 Ill. 2d 1, 21 (2006), *abrogated on other grounds by People v. Luedemann*, 222 Ill. 2d 530 (2006).

¶ 13        Defendant has not established that counsel was ineffective for failing to file a motion to suppress because there is nothing in the record suggesting that the inventory search was unlawful. An inventory search is a judicially created exception to the warrant requirement. *People v. Hundley*, 156 Ill. 2d 135, 138 (1993). According to our supreme court, a warrantless inventory search is lawful if (1) the original impoundment of the vehicle is lawful; (2) the purpose of the inventory search is to protect the owner's property and to protect the police from claims of lost, stolen, or vandalized property and to guard the police from danger; and (3) the inventory search is conducted in good faith pursuant to reasonable standardized police procedures and not as a pretext for an investigatory search. *Id.*

¶ 14        Defendant acknowledges that "[t]here was no hearing on the validity of the impoundment, and thus no evidence presented on this issue." Regardless, he asserts that the inventory search was unlawful because officer Florek drove the vehicle to the station instead of having it towed and the inventory search was simply a pretext for an investigatory search.

¶ 15 "Where the police impound a vehicle based on a *cognizable reason*, an inventory search pursuant to the tow is justified." (Emphasis added.) See *People v. Mason*, 403 Ill. App. 3d 1048, 1054 (2010). Section 9-80-240 of the Chicago Municipal Code provides that when a vehicle "is operated by a person with a suspended or revoked driver's license," "such vehicle shall be subject to seizure and impoundment pursuant to this section" and that "[w]henever a police officer has probable cause to believe that a vehicle is subject to seizure and impoundment *** the police officer shall provide for the towing of the vehicle to a facility controlled by the city or its agent." Chicago Municipal Code § 9-80-240(a), (b) (added November 18, 2009). Here, the officers had a "cognizable reason" for impounding the car because the driver, DeShawn Falters, was driving on a suspended license. Because the officers had a "cognizable reason" for impounding the vehicle, and the record does not support defendant's other arguments, no further analysis is warranted.

¶ 16 For all of the reasons set forth herein, we find that defendant has not met his burden of showing that a suppression motion would have been meritorious and that counsel was ineffective for failing to file such a motion.

¶ 17                                  CONCLUSION

¶ 18 For the foregoing reasons, we affirm defendant's convictions.

¶ 19 Affirmed.